IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEWAYNE HARDIN, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-2718-K-BK |
| | § | |
| CITY OF LANCASTER, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this cause is before the undersigned for pretrial management. The Court now considers *Defendant's Motion to Dismiss*, Doc. 25. For the reasons that follow, it is recommended that Defendant's motion be **GRANTED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Defendant City of Lancaster has filed a motion to dismiss this *pro se* civil action brought by Plaintiffs Dewayne Hardin and Carrott Lewis, arising out of a dispute over Plaintiffs' water bill. Doc. 25. From what the Court can glean from Plaintiffs' complaint, Doc. 1, and answers to the *Magistrate Judges Questionnaire*, Doc. 12; Doc. 13, and *Supplemental Questionnaire*, Doc. 17; Doc. 18, Plaintiffs allege that Defendant shut off their water service in May 2012, yet continued billing them through March 2015. Doc. 1 at 2; Doc. 13 at 4. Around August 2012, Plaintiffs brought their over-billing claim against Defendant in Small Claims Court; however, it was dismissed for lack of subject matter jurisdiction.[1] Doc. 1 at 2; Doc. 22 at 10. Plaintiffs claim that as the City continued charging them, they were unable to pay the steadily growing bill and thus unable to regain water services. Doc. 13 at 7. As a result of not receiving "continuous

---

[1] While Plaintiffs contend that the court's ruling was in error, they admit that they failed to file a timely appeal. Doc. 1 at 2.

flowing clean water," Mr. Hardin claims he developed a "foot fungus," requiring surgery and medication.  Doc. 13 at 6.  Mr. Hardin also appears to claim that the medication, which affects his heart, necessitated the installation of a pacemaker.  Doc. 13 at 6.

In August 2015, Plaintiffs filed the current action in federal court, claiming that Defendant's billing practices amounted to retaliation[2], fraud, and extortion.  Doc. 1 at 2.  Additionally, because Mr. Hardin alleges to suffer from "severe diabetic neuropathy" and "severe skin damage, and dry skin," Plaintiffs claim that jurisdiction is proper under Title II of the Americans with Disabilities Act (ADA).  Doc. 22 at 1.  As relief, Plaintiffs seek an order preventing Defendant from "intimidating [Plaintiffs] with extortion and fraud" and $2 million in damages.  Doc. 13 at 2.  In July 2016, Defendant filed the motion *sub judice*, moving to dismiss Plaintiffs' claims for lack of subject matter jurisdiction and failure to state a plausible claim for relief pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.  Plaintiffs filed a response, Doc. 28, however, Defendants did not file a reply.

## II. APPLICABLE LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Thus, under Rule 12(b)(1), a court must dismiss a claim when it lacks jurisdiction to hear that claim.  FED. R. CIV. P. 12(b)(1).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per

---

[2] Plaintiffs' retaliation claim is based on the allegation that Defendant began over-billing Plaintiffs after Mr. Hardin made complaints and threatened to sue Defendant regarding sewage backing up in his home.  Doc. 13 at 9.

curiam); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).  As the party resisting a 12(b)(1) motion to dismiss, Plaintiffs have the burden of proving that jurisdiction exists.  *Ramming*, 281 F.3d at 161.

Defendant contends that Plaintiffs' allegations "[do] not identify a claim or claims upon which the Federal Court has jurisdiction."  Doc. 25 at 2.  Because the parties are not diverse and the Plaintiffs have not raised a federal question, Defendant argues that Plaintiffs' claims must be dismissed.  Doc. 25 at 2.  In response to Defendant's jurisdictional challenge, Plaintiffs simply state that "[t]he Federal Court has jurisdiction [sic] Title 2 of the Americans with Disability [sic] Act (ADA)."  Doc. 28 at 2.  This assertion implicates federal question jurisdiction.  Plaintiffs are mistaken.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted).  Here, Plaintiffs' fleeting mention of the ADA does not invoke the Court's federal question jurisdiction.  *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction");  *see also Deutsche Bank Nat'l Trust v. Broussard*, No. 13-CV-1400, 2013 WL 3185919, at *2 (N.D. Tex. June 24, 2013) (Lynn, J.) (adopting magistrate's dismissal recommendation because "vague references to various federal statutes . . . are insufficient to support the exercise of federal question jurisdiction").

Moreover, because Plaintiffs' complaint and answers to the Court's questionnaires are devoid of any substantive discussion of the ADA, the Court is unable to determine if a cause of action even exists under the ADA or if Plaintiffs' right to relief depends on the resolution of a substantial question of federal law.  *Singh*, 538 F.3d at 337-38.  For instance, when asked to "[e]xplain why a federal court has the authority to hear [their] case," Plaintiffs merely cite to Title II of the ADA.  *See* Doc. 13 at 3; *Girard*, 2013 WL 5873297, at *2.  Additionally, while Mr. Hardin alleges that he suffers from "severe diabetic neuropathy," and "severe skin damage, and dry skin," Plaintiffs fail to connect any of their allegations against Defendant to this disability or the ADA.  Thus, Plaintiffs have failed to meet their burden of establishing a basis for federal question jurisdiction and their claims should be dismissed.  *Ramming*, 281 F.3d at 161.

### III.  CONCLUSION

For the reasons stated above, *Defendant's Motion to Dismiss* should be **GRANTED** and Plaintiffs' claims should be **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction.

**SO RECOMMENDED** on December 6, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE